UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUDLEY L. DAVIS,

                              Petitioner,

-vs-                                                    Case No.  8:09-cv-1063-T-17TGW

SECRETARY, DEPT. OF CORRECTIONS,

                              Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Dudley L. Davis' 28 U.S.C. § § 2244(d)

petition for writ of habeas corpus. Davis challenges his trial-based convictions and sentences

for carjacking with a firearm and two counts of attempted robbery with firearm, which arise out

of the Thirteenth Judicial Circuit, Hillsborough County, Florida in case no. 04-014423.[1]

### Background

Davis was charged with two counts of attempted robbery by while carrying and

discharging a firearm and one count of carjacking while carrying and actually possessing a

firearm. With respect to the each of the attempted robbery counts, he was found guilty after a

jury trial of attempted robbery with a firearm. With respect to count three, he was found guilty

of carjacking with a firearm. On February 5, 2007, Davis was sentenced to 40 years on the

armed carjacking count. Concurrent prison terms of 30 years were imposed on each attempted

_____

[1] Davis also stands convicted of two counts of armed robbery in case nos. 04-14300
and 04-14425 respectively, as well as aggravated assault in case no. 04-14424, and grand
theft in case no. 03-17017. He does not challenge in the instant petition his plea-based
convictions and sentences in said state court cases, which also arise out of the Thirteenth
Judicial Circuit in Hillsborough County, Florida.

armed robbery count. Davis appealed his trial-based judgment, and on February 1, 2008, the state district court per curiam affirmed without written decision in case no. 2D07-915. *Davis v. State,* 973 So.2d 1134 (Fla. App. 2008)[table]. He did not seek rehearing; nor did he pursue certiorari review in the United States Supreme Court.

## State Collateral Application

Davis filed a pro se petition for writ of habeas corpus dated February 20, 2009. (Resp. Ex. 5) Treating the petition as alleging ineffective assistance of appellate counsel, the state district court on March 11, 2009, denied the petition in case no. 2D09-876 without further elaboration. (Resp. Ex. 6) *Davis v. State*, 5 So.3d 676 (Fla. App. Dist. 2009).

## The Present Petition

Davis filed the instant 28 U.S.C. § 2254 petition dated June 4, 2009. (Dkt. 1) Although requesting and granted leave to file an amended petition, he chose not to do so. (Dkt. 7,8) The instant petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. The AEDPA established a one-year statute of limitations for federal habeas corpus actions, 28 U.S.C. § 2244(d)(1). The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Subsection (2) of § 2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A trial-based judgment ordinarily becomes final upon expiration of the time for seeking certiorari review. See Supreme Court Rule 13.3; *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d

1235, 1236 (11th Cir. 2004); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). In Davis' case, his judgment became final on May 1, 2008, that is, upon expiration of the time for filing a certiorari petition following the February 1, 2008, affirmance in his direct appeal.

Upon commencement of his AEDPA limitations period on May 2, 2008, a period of 294 days elapsed before he constructively filed his state petition for writ of habeas corpus on February 20, 2009, which was construed as a petition alleging ineffective assistance of appellate counsel under Fla.R.App. P. 9.141(c). Said petition qualifies as a "properly filed" application within the meaning of the tolling statute. The state petition was no longer pending upon its denial on March 11, 2009. (Resp. Ex. 6) Thereafter, Davis allowed an additional period of 84 days to elapsed which was not tolled until he constructively filed his federal petition on June 4, 2009. Because by then, an aggregate period of more than a year had elapsed which was not tolled, the instant petition has arrived too late to be entertained.

Davis is not entitled to equitable tolling. The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to the AEDPA's statute of limitations. *See e.g., Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), and *Pace v. DiGuglielmo*, 544 U.S. 418 n.8, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

However, the Court has held equitable tolling is not available in any case when the granting of equitable tolling would be inconsistent with the terms of the relevant statute, *see Young v. United States*, 535 U.S. 43, 49 (2002); *United States v. Beggerly*, 524 U.S. 38, 48 (1998); *United States v. Brockamp*, 519 U.S. 347, 352 (1997).

In *Beggerly*, the Court held equitable tolling was inconsistent with the terms of a statute of limitation when the statute of limitations already provided that it would not start to run until the litigant knew or should have known of the claim, as that provision allowed for statutory

tolling in situations to which equitable tolling would usually apply. *Id.,* 524 U.S. at 48. Section 2244(d) provides for exceptions to the general statute of limitations based on certain enumerated circumstances, including that the statute of limitations will not begin to run until the facts upon which claims are based could have been discovered through due diligence or until a new retroactive constitutional right that forms the basis for a claim is recognized. 28 U.S.C. § 2244(d)(1)(C) & (D). It also does not start to run until an illegal impediment to filing created by the State is removed or until after the time during which a defendant is actually seeking to exhaust his claims is not counted toward the statute of limitations. 28 U.S.C. § 2244(d)(1)(B) & (2). Thus, granting equitable tolling of the AEDPA statute of limitations is inconsistent with the text of the statute and should not be allowed under *Beggerly.*

Even assuming equitable tolling may be available, a petitioner must show both extraordinary circumstances and due diligence to establish entitlement to equitable tolling. See *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted); *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008) (quoting *Steed*)

Davis' case does not implicate any extraordinary circumstance beyond his control that would have prevented his accomplishing a timely federal filing with diligence. *See Helton v. Sec. for the Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the

underlying conviction."). Davis does not present a sufficient basis upon which to conclude he used due diligence in pursuing his grounds and seeking federal habeas corpus relief in a timely manner. He unreasonably tarried in filing his rule 9.141 petition after his trial-based judgment became final.

Accordingly, the Court orders:

1. That Davis' petition is denied. The Clerk is directed to enter judgment against Davis and to close this case.

2. That the Court will entertain a motion to reopen this case, if **within 20 days of the date of this order,** Davis can supply reliable, record evidence that demonstrates he is entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 24, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Dudley L. Davis